sage of the act of July 18, 1866, repealing the acts of 1823 and 1842, under which the offences charged were committed; there being no saving clause in said repealing statute, saving the right to prosecute for offences previously committed under the laws thereby repealed.

(3) The said offences and the right to prosecute the same have not been revived and do not now exist.

(4) As the result of these conclusions, the petitioner must be discharged from arrest, and the warrant and the proceedings before the commissioner must be quashed.

## Case No. 8,042.

### In re LANE.

[3 Ben. 98; 2 N. B. R. 309 (Quarto. 100); 1 Chi. Leg. News, 123.] [1]

District Court, S. D. New York. Dec. 29, 1868.

BANKRUPTCY—POWER OF REGISTER—COSTS.

A register in bankruptcy has power to make an order directing an assignee in bankruptcy to pay fees to officers of court out of moneys in his hands.

[Cited in Re Carow. Case No. 2,426; Re Noyes, Id. 10,371; Re Brinkman, Id. 1,884; Re Stafford, Id. 13,274.]

[In the matter of Joseph M. Lane, a bankrupt.]

[By I. T. Williams, Register: The undersigned, one of the registers of this court, hereby certifies to this honorable court that the solicitor for the above-named bankrupt, Mr. W. H. Waite, has appealed to me to make an order requiring the assignee to pay the sum of sixty-four dollars and thirty-six cents, for certain fees and disbursements incurred in said proceedings, and thereupon delivered to me the annexed bill of items, with his affidavit thereto annexed. The said assignee also appeared before me at the same time, and made no opposition to the application, having sufficient funds in his hands for that purpose. Having doubts as to my power to make such an order, I hereby certify the enquiry whether a register has such power. In case the court should be of the opinion that he has, I will then enter upon an examination of the items, and determine the question. Respectfully submitted.] [2]

BLATCHFORD, District Judge. I think the register has such power. It is fairly embraced within the power given to the register. by section 4 of the act [of 1867 (14 Stat. 519)]. "to make all computations of dividends and all orders of distribution," and "to audit and pass accounts of assignees," and within the power given to him, by general order No. 5, to conduct proceedings in relation to the following matters, when uncontested, namely, "taking evidence concerning expenses and charges against the bankrupt's estate, auditing and passing accounts of assignees' proceedings for the declaration and payment of dividends." The doings of the register therein are made, by general order No. 5, "subject to the control of the court;" but, when there is no issue of law or fact raised and contested by any party in regard to the question, the register has power to entertain it and make the order. The fees paid to the officers of court, set forth in the bill of items, are fees which are embraced in the first subdivision in section 28, and that section directs that the order for a dividend shall direct the payment of those fees first in full by the assignee. An order for the assignee to pay those fees is an order of distribution, within section 4.

## Case No. 8,043.

### In re LANE et al.

### Ex parte DREYFUS.

[2 Lowell, 305; [1] 13 N. B. R. 43; 1 N. Y. Wkly. Dig. 296.]

District Court, D. Massachusetts. Jan., 1874.

BANKRUPTCY—SET-OFF.

1. One who holds the bare legal title to a note given by a debtor cannot set off against it, in bankruptcy, a debt which he owes the bankrupt for goods bought.

2. Where A., holding such a note, proved it against the debtor's estate, after deducting the price of the goods,—held, he had proved too little; and that his proof should be expunged without prejudice to his proving the note in full, as trustee for the equitable owner, or to a proof by such owner.

[Cited in Re Saunders, Case No. 12,371.]

Charles and Jacob Dreyfus, composing the mercantile firm of Dreyfus & Co., proved a debt of $1,047.14, against the estate of the bankrupts [George H. Lane, Brett & Co.], at the first meeting of the creditors. Afterwards the assignee of the estate applied to the register, in the mode pointed out by general order No. 34, to have the claim re-examined and disallowed. The issues and evidence were certified to the court. The claim sought to be expunged was for the contents of the promissory note of the bankrupts for $1,519.58, and interest. less the amount of an account of about $500 for goods bought of them by Dreyfus & Co. The assignees alleged that the note really belonged to Weil & Co., its original holders, and had been transferred to Dreyfus & Co. after the failure of the bankrupts, though before their petition was filed, in order to enable Dreyfus & Co. to get the full benefit of the set-off, subject to an ultimate settlement between the parties after the amount of the dividends in the bankruptcy should be ascertained.

---

[1] [Reported by Robert D. Benedict. Esq., and here reprinted by permission. 1 Chi. Leg. News, 123. contains only a partial report.]

[2] [From 2 N. B. R. 309 (Quarto, 100).]

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]